UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| JAMY RAY HERRING, ) | CASE NO. 5:07 CV 1553 |
| ) | |
| Plaintiff, ) | JUDGE SARA LIOI |
| ) | |
| v. ) | |
| ) | MEMORANDUM OF OPINION |
| STARK COUNTY COMMON PLEAS COURT, ) | AND ORDER |
| et al., ) | |
| ) | |
| Defendant. ) | |

On May 25, 2007, plaintiff pro se Jamy Ray Herring, an inmate at the Belmont Correctional Institution, filed this action under 42 U.S.C. § 1983 against the Stark County Common Pleas Court, the Stark County Commissioners, and Stark County Common Pleas Judge Charles E. Brown.  Mr. Herring alleges he was improperly given consecutive sentences after pleading guilty to two counts of trafficking in cocaine and one count of possession of cocaine.  He seeks an order from this court "enforc[ing] the laws established by the great legislature and or the General Assembly in the State of Ohio, specifically §2929-41 of the Ohio Revised Code where the same states that sentences [must] be ran (sic) concurrent with each other."  Complaint, p.5.

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1]  Neitzke v. Williams, 490 U.S. 319

---

[1] A claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute.  McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

(1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996).

The allegations set forth in the complaint explicitly challenge the term of plaintiff's Ohio prison sentence. The Supreme Court has held that, when a prisoner challenges "the very fact or duration of his physical imprisonment, ... his sole federal remedy is a writ of habeas corpus." Preiser v. Rodriguez, 411 U.S. 475, 501 (1973).

For all the foregoing reasons, this action is dismissed under section 1915(e). Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

    s/Sara Lioi
SARA LIOI
UNITED STATES DISTRICT JUDGE

DATED: August 2, 2007